OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Gwyn Shea
Texas Secretary of State
P.O. Box 12697, Capitol Station
Austin, Texas 78711

Opinion No. JC-0526

Re: Duties of the county clerk with regard to financing statement filings (RQ-0497-JC)

Dear Secretary Shea:

The Uniform Commercial Code - Secured Transactions, codified at chapter 9 of the Business and Commerce Code, see TEX. BUS. & COM. CODE ANN. §§ 9.101-.709 (Vernon Supp. 2002) (the "Act"), provides for the perfection and regulation of security interests in personal property and fixtures. See id. Chapter 9 was substantially revised in 1999, including the provisions establishing the office in which financing statements must be filed to perfect security interests in the various types of personal property and fixture collateral. See Act of May 17, 1999, 76th Leg., R.S., ch. 414, § 1.01, 1999 Tex. Gen. Laws 2639, 2700. The revised provisions became effective July 1, 2001. See id. § 3.01, 1999 Tex. Gen. Laws at 2747. You ask us to "clarify" the duties of the county clerk with respect to financing statement filings under revised chapter 9, as requested in a brief submitted on behalf of Texas Association of Counties and the County & District Clerk's Association of Texas.[1]

We conclude that under the Act a county clerk must accept financing statement filings to perfect security interests in "as-extracted collateral or timber to be cut" or fixture filings if the financing statements are communicated by authorized methods or media, provide legible information about the parties and the collateral, and are accompanied by sufficient filing fees. We also conclude that financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements must be filed in the "real property records," and they are not required to be signed. Finally, we conclude that financing statements to continue the effectiveness of or amend pre-effective-date financing statements filed in the office of the county clerk to perfect security interests in consumer goods must be filed in the office of the Secretary of State. Financing statements to terminate such pre-effective-date financing statements must be filed in the office of the county clerk unless initial financing statements relating to the pre-effective-date financing statements have been filed in the office of the Secretary of State.

---

[1]You ask us to address the "[Texas Association of Counties] requested clarification of the duties of the County Clerks." Letter from Geoffrey S. Connor, Assistant Secretary of State, to Honorable John Cornyn, Texas Attorney General (Dec. 19, 2001) (on file with Opinion Committee) [hereinafter Request Letter]; Brief from Rex Hall, Associate General Counsel, Texas Association of Counties, to Honorable John Cornyn, Texas Attorney General (Nov. 19, 2001) (on file with Opinion Committee) [hereinafter TAC Brief].

You first ask us to clarify that county clerks must, as the TAC Brief asserts, "accept financing statements where the collateral is 'as-extracted collateral or timber to be cut' or fixtures." Request Letter, *supra* note 1, at 1; *see also* TAC Brief, *supra* note 1, at 4. We agree that a county clerk must accept financing statement filings to perfect security interests in "as-extracted collateral or timber to be cut" or fixture filings if they are communicated by authorized methods or media, provide legible information about the parties and the collateral, and are accompanied by sufficient filing fees.

Prior to July 1, 2001, former section 9.401 of the Business and Commerce Code required financing statements to perfect security interests in consumer goods, timber to be cut, minerals or the like, and fixture filings to be filed in the office of the county clerk; and financing statements to perfect security interests in all other items to be filed in the office of the Secretary of State. It provided that:

> (a) The proper place to file in order to perfect a security interest is as follows:
>
> > (1) when the collateral is *consumer goods*, then in the office of the *County Clerk* in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the County Clerk in the county where the goods are kept;
> >
> > (2) when the collateral is *timber to be cut or is minerals or the like* (including oil and gas) or *accounts subject to Subsection (e) of Section 9.103* [mineral interests], or when the financing statement is filed as a *fixture filing* (Section 9.313) and the collateral is goods which *are or are to become fixtures*, then in the office of the *County Clerk* in the county where a mortgage on the real estate would be filed or recorded;
> >
> > (3) in all other cases, in the office of the Secretary of State.

Act of May 21, 1985, 69th Leg., R.S., ch. 914, §§ 3-4, 1985 Tex. Gen. Laws 3081, 3082, *amended and renumbered by* Act of May 17, 1999, 76th Leg., R.S., ch. 414, § 1.01, 1999 Tex. Gen. Laws 2639, 2700 (emphasis added); *see also* TEX. BUS. & COM. CODE ANN. § 9.501 (Vernon Supp. 2002).

The above filing provisions were changed effective July 1, 2001. Section 9.501 of revised chapter 9 now establishes the proper office in which to file financing statements to perfect security interests and provides as follows:

> (a) Except as otherwise provided in Subsection (b), if the local law of this state governs perfection of a security interest or agricultural lien, the office in which to file a financing statement to perfect the security interest or agricultural lien is:

> (1) the *office designated for the filing or recording of a record of a mortgage on the related real property*, if:
>
> > (A) the *collateral is as-extracted collateral[2] or timber to be cut*; or
> >
> > (B) the financing statement is filed as a *fixture filing* and the collateral is goods that are or are to become fixtures; or
>
> (2) *the office of the Secretary of State, in all other cases*, including a case in which the collateral is goods that are or are to become fixtures and the financing statement is not filed as a fixture filing.
>
> (b) The office in which to file a financing statement to perfect a security interest in collateral, including fixtures, of a transmitting utility is the office of the Secretary of State. The financing statement also constitutes a fixture filing as to the collateral indicated in the financing statement that is or is to become fixtures.

*Id.* § 9.501 (emphasis added) (footnote added). Under section 9.501, financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements must be filed in the "office designated for the filing or recording of a record of a mortgage on the related real property." *See id.*[3] Financing statements to perfect security interest in all other goods, including consumer goods, must be filed in the office of the Secretary of State.

The "office designated for the filing or recording of a record of a mortgage on the related real property" in which financing statement filings to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing must be made is the office of the county clerk. The county clerk of a county serves as the "recorder of the county." TEX. CONST. art. V, § 20. The county clerk's duties as a recorder are prescribed by statute. Under the Property Code, a county clerk must record any "instrument authorized or required to be recorded in that clerk's office that is proved,

---

[2]"As-extracted collateral" is: (1) oil, gas, or other minerals subject to a security interest that is created by a debtor having an interest in the minerals before their extraction and which security interest attaches to them as extracted; or (2) "accounts arising out of the sale at the wellhead or minehead of oil, gas, or other minerals in which the debtor had an interest before extraction." TEX. BUS. & COM. CODE ANN. § 9.102(a)(6) (Vernon Supp. 2002).

[3]*See also* TEX. BUS. & COM. CODE ANN. § 9.501 cmt. 2 (Vernon Supp. 2002) ("[T]his Article dictates central filing for most situations, while retaining local filing for real-estate-related collateral and special filing provisions for transmitting utilities."); *id.* cmt. 4 ("There are two ways in which a secured party may file a financing statement to perfect security interest in goods that are or are to become fixtures. It may file in the Article 9 records, as with most other goods. [(a)(2)]. Or it may file the financing statement as a 'fixture filing,' . . . in the office in which a record of a mortgage on the related real property would be filed. [(a)(1)(B)].").

acknowledged, or sworn to according to law[.]" TEX. PROP. CODE ANN. § 11.004(a) (Vernon Supp. 2002). Similarly, under the Local Government Code, the county clerk must "record each deed, mortgage, or other instrument that is required or permitted by law to be recorded." TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999). A mortgage must be recorded in the office of the county clerk. To be valid against a creditor or a subsequent purchaser, a mortgage must be "acknowledged, sworn to, or proved and filed for record as required by law." TEX. PROP. CODE ANN. § 13.001(a) (Vernon Supp. 2002); *see also id.* § 13.001(c) (section does not apply to financing statement or continuation statement filed for record under Business & Commerce Code). "To be effectively recorded, an instrument relating to real property . . . must be recorded in the county in which a part of the property is located." *Id.* §11.001.

In short, financing statements to perfect security interests in "consumer goods" are no longer required to be filed in the office of the county clerk as they were prior to July 1, 2001. They must be filed in the office of the Secretary of State. However, financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements are still required to be filed in the office of the county clerk.

The county clerk, as a "filing office," may reject financing statement filings for limited reasons. "Filing office," as defined in section 9.102(a)(37) of the Act, "means an office designated in Section 9.501 as the place to file a financing statement." TEX. BUS. & COM. CODE ANN. § 9.102(a)(37) (Vernon Supp. 2002). Section 9.520(a) provides that: "A filing office shall refuse to accept a record for filing for a reason set forth in Section 9.516(b) and may refuse to accept a record for filing only for a reason set forth in Section 9.516(b)." *Id.* § 9.520. The section 9.516(b) reasons, in general are failure to: (1) communicate the record by a method or medium authorized by the filing office; (2) provide sufficient filing fee; or (3) provide legible information about the parties or collateral. *See id.* § 9.516.

You next ask us to clarify "whether these financing statements are to be filed with the real property records to which they pertain rather than as separate 'UCC' filings; and if filed in the real estate records, whether the financing statements must be signed." Request Letter, *supra* note 1, at 1; *see also* TAC Brief, *supra* note 1, at 4. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 193.005 (Vernon 1999) (county clerk to maintain "in a manner similar to that by which the index to real property record is maintained," index "to all recorded instruments relating to goods, chattels, and other personal property . . . .").

To the extent we understand the question, we conclude that financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements are required to be filed in the "real property records." Section 9.501 does not specify where in the office of the county clerk or how filings to perfect security interests in "as-extracted collateral or timber to be cut" or fixture filings are to be made. *See* TEX. BUS. & COM. CODE ANN. § 9.501 (Vernon Supp. 2002). However, section 9.502, which prescribes the contents of a financing statement, indicates that such filings must be made in the real property records. *See id.* § 9.502(b)(2). Subsection (b)(2) provides that "a financing statement that covers as-extracted

collateral or timber to be cut, or that is filed as a fixture filing and covers goods that are or are to become fixtures, must satisfy Subsection (a) [provide names of debtor and secured party or its representative, and indicate collateral covered] *and also . . . indicate that it is to be filed for record in the real property records*[.]" *Id.* (emphasis added).

We also conclude that a financing statement required to be filed in the real property records need not be signed. Section 9.502, prescribing the content of a financing statement, does not require it to be signed. *See id.* § 9.502. The official comments to section 9.502 specifically explain this omission: "Whereas former Section 9-402(1) required the debtor's signature to appear on a financing statement, this Article [9] contains no signature requirement. The elimination of the signature requirement facilitates paperless filing." *See id.* § 9.502 cmt. 3. We note that the Property Code does not provide otherwise. Section 12.001(a) of the Property Code broadly provides that "[a]n instrument concerning real or personal property may be recorded if it has been acknowledged, sworn to with a proper jurat, or proved according to law." TEX. PROP. CODE ANN. § 12.001(a) (Vernon Supp. 2002). Subsection (c), however, specifically provides that this section does not "require the acknowledgment or swearing or prohibit the recording of a financing statement, a security agreement filed as a financing statement, or a continuation statement filed for record under the Business & Commerce Code." *Id.* § 12.001(c); *see also id.* § 13.001(a) (conveyance of an interest in real property must be acknowledged, sworn to, or proved); (c) (section's requirement does not apply to financing statement or continuation statement filed for record under Business & Commerce Code).

Finally, you ask us to address the clarification requested by the TAC Brief "regarding the proper filing office for amendments, continuations and other filings pertaining to pre-effective-date financing statements concerning consumer goods." Request Letter, *supra* note 1, at 1. The TAC Brief notes as follows:

> [I]t appears, that other than termination statements, any subsequent filing intended to amend or continue a financing statement pertaining to consumer goods that was filed before July 1, 2001 should be filed with the Secretary of State, not with the County Clerk. This understanding is not uniformly held, however. Anecdotal information indicates that some clerk's offices are accepting amendments and other filings pertaining to pre-effective-date financing statements concerning consumer goods.

TAC Brief, *supra* note 1, at 5-6. We agree with the TAC Brief's assertion that, other than termination financing statements, financing statement filings to amend or continue pre-effective-date financing statements covering consumer goods are required to be filed with the office of the Secretary of State.

As indicated earlier, before July 1, 2001, under former section 9.401, a financing statement to perfect a security interest in consumer goods was required to be filed in the office of the county

clerk. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 914, §§ 3-4, 1985 Tex. Gen. Laws 3081, 3082, *amended and renumbered by* Act of May 17, 1999, 76th Leg., R.S., ch. 414, § 1.01, 1999 Tex. Gen. Laws 2639, 2700 (emphasis added); *see also supra* p. 2. Now under section 9.501, such financing statements are required to be filed in the office of the Secretary of State. *See* TEX. BUS. & COM. CODE ANN. § 9.501(a) (Vernon Supp. 2002); *see also supra* p. 2-3. You ask in general about amending and continuing financing statements filed in the office of the county clerk to perfect security interests in consumer goods prior to the July 1, 2001 effective date of the chapter 9 revisions — pre-effective-date financing statements. *See* TEX. BUS. & COM. CODE ANN. § 9.707(a), (e) (Vernon Supp. 2002).

As you know, chapter 9 includes several interrelated and somewhat convoluted transition provisions for dealing with continuation and amendment of pre-effective-date financing statements. We address these provisions here only in general terms and only to the extent necessary to answer your question. We consider here sections 9.706 and 9.707.

Section 9.706 authorizes the filing of "an initial financing statement" to continue the effectiveness of a pre-effective-date financing statement *not* filed in the office established by section 9.501 for perfecting a security interest:

(a) The filing of *an initial financing statement in the office specified in Section 9.501*, as revised [county clerk for as-extracted collateral, timber to be cut, or fixture filing, otherwise Secretary of State], *continues the effectiveness of a financing statement filed before the revision takes effect* if:

(1) the *filing of an initial financing statement in that office would be effective to perfect a security interest under this chapter, as revised*;

(2) *the pre-effective-date financing statement was filed in an office in another state or another office* in this state; and

(3) the initial financing statement satisfies Subsection (c).

(b) [additional requirements regarding when initial statement is filed and the duration of effectiveness].

(c) To be effective for purposes of Subsection (a), an initial financing statement must:

(1) satisfy the requirements of Subchapter E, as revised [filing requirements], for an initial financing statement;

(2) identify the pre-effective-date financing statement by indicating the office in which the financing statement was filed and providing the dates of filing and file numbers, if any, of the financing statement and of the most recent continuation statement filed with respect to the financing statement; and

(3) indicate that the pre-effective-date financing statement remains effective.

TEX. BUS. & COM. CODE ANN. § 9.706 (Vernon Supp. 2002) (emphasis added).

Under subsection (a) of section 9.706, the effectiveness of a pre-effective-date financing statement filed in an office other than the one required under revised chapter 9 may be continued by filing an initial financing statement in the office established by section 9.501. *See id.* § 9.706(a).[4] Subsection (c) of section 9.706 sets forth requirements for the subsection (a) initial filing statement: it must satisfy the revised filing requirements; provide identifying information about the pre-effective-date filing statement, including the other office in which it was filed; and it must indicate that the pre-effective-date financing statement remains effective. *See id.*

Section 9.707, another transition section, provides for generally amending and continuing a pre-effective-date financing statement:

(a) In this section, "pre-effective-date financing statement" means a financing statement filed before the revision takes effect.

(b) After the revision takes effect, a person may add or delete collateral covered by, continue or terminate the effectiveness of, or otherwise amend the information provided in a pre-effective-date

---

[4]As the official comments to section 9-706 of the Uniform Commercial Code (not included with the text of the Texas statute in Vernon's) explain:

> This section deals with continuing the effectiveness of financing statements that are filed in the proper State and office under former Article 9, but which would be filed in the wrong State or the wrong office of the proper State under this Article. Section 9-705(d) provides that, under these circumstances, filing a continuation statement after the effective date of this Article in the office designated by former Article 9 would not be effective. This section provides the means by which the effectiveness of such a financing statement can be continued if this Article governs perfection under the applicable choice-of-law rule: filing an initial financing statement in the office specified by Section 9-501.

U.C.C. § 9-706 cmt. 1 (2001); *see also id.* ("Although it has the effect of continuing the effectiveness of a pre-effective-date financing statement, *an initial financing statement described in this section is not a continuation statement.* Rather, it is governed by the rules applicable to initial financing statements.") (emphasis added).

financing statement only in accordance with the law of the jurisdiction governing perfection as provided in Subchapter C [law governing perfection and priority]. However, the effectiveness of a pre-effective-date financing statement also may be terminated in accordance with the law of the jurisdiction in which the financing statement is filed.

(c) Except as otherwise provided in Subsection (d), if the law of this state governs perfection of a security interest, *the information in a pre-effective-date financing statement may be amended after the revision takes effect only if*:

(1) the pre-effective-date financing statement and an amendment are filed *in the office specified in Section 9.501*;

(2) *an amendment is filed in the office specified in Section 9.501* concurrently with, or after the filing in that office of, an initial financing statement that satisfies Section 9.706(c); or

(3) an initial financing statement that provides the information as amended and satisfies Section 9.706(c) *is filed in the office specified in Section 9.501*.

(d) If the law of this state governs perfection of a security interest, the effectiveness of a pre-effective-date financing statement may be continued only under Sections 9.705(d)[5] and (f)[6] or Section 9.706.

---

[5]Section 9.705 deals with the effectiveness of actions taken before July 1, 2001 to perfect a security interest. Section 9.705(d) provides that:

> The filing of a continuation statement after the revision takes effect does not continue the effectiveness of the financing statement filed before the revision takes effect. However, upon the timely filing of a continuation statement after the revision takes effect and in accordance with the law of the jurisdiction governing perfection as provided in Subchapter C [law governing perfection and priority, sections 9.301-.343], as revised, the effectiveness of a financing statement filed in the same office in that jurisdiction before the revision takes effect continues for the period provided by the law of that jurisdiction.

*Id.* § 9.705(d). The meaning of this provision is not readily apparent. The official comments to section 9-705 of the Uniform Commercial Code (not included with the text of the Texas statute in Vernon's) explain that:

> A financing statement filed before the effective date of this Article [9] may be continued only by filing in the State and office designated by this Article. This result is accomplished in the following manner: Subsection (d) indicates that, as

(continued...)

(e) Whether or not the law of this state governs perfection of a security interest, the effectiveness of a pre-effective-date financing statement filed in this state may be terminated after the revision takes effect by filing a termination statement in the office in which the pre-effective-date financing statement is filed, unless an initial financing statement that satisfies Section 9.706(c) has been filed in the office specified by the law of the jurisdiction governing perfection as provided in Subchapter C [law governing perfection and priority] as the office in which to file a financing statement.

TEX. BUS. & COM. CODE ANN. § 9.707(a)-(e) (Vernon Supp. 2002) (emphasis added) (footnotes added).

Under section 9.707(c)(1), a pre-effective-date financing statement filed in the proper office under section 9.501 may be effectively amended by filing an amendment in that same office. *See id.* § 9.707(c), (e); *see also* U.C.C. § 9-707 cmt. 3 (2001) ("[I]f the financing statement is filed in the jurisdiction and office determined by this Article [9], then an effective amendment may be filed in the same office."). If a pre-effective-date financing statement is not filed in the office established by section 9.501, then an effective amendatory financing statement (other than a termination financing statement) cannot be filed in the same office in which the pre-effective-date statement is filed; the amendatory financing statement is required to be filed in the office specified under section 9.501. *See* TEX. BUS. & COM. CODE ANN. § 9.707(c), (e) (Vernon Supp. 2002); *see also* U.C.C. § 9-707 cmt. 3 (2001) ("If a pre-effective-date financing statement is filed in an office other than the one specified by Section 9-501 of the relevant jurisdiction, then ordinarily an amendment filed in that office is ineffective . . . . Rather, the amendment must be effectuated by filing in the

---

[5](...continued)
a general matter, a continuation statement filed after the effective date of this Article does not continue the effectiveness of a financing statement filed under the law designated by former Section 9-103 [law governing perfection and priority]. Instead, an initial financing statement must be filed under Section 9-706. The second sentence of subsection (d) contains an exception to the general rule. It provides that a continuation statement is effective to continue the effectiveness of a financing statement filed before this Article takes effect if this Article prescribes not only the same jurisdiction but also the same filing office.

U.C.C. § 9-705 cmt. 5 (2001).

[6]Subsection (f) of section 9.705 provides that:

A financing statement that includes a financing statement filed before the revision takes effect and a continuation statement filed after the revision takes effect is effective only to the extent that it satisfies the requirements of Subchapter E [filing requirements], as revised, for an initial financing statement.

TEX. BUS. & COM. CODE ANN. § 7.505(f) (Vernon Supp. 2002).

jurisdiction and office determined by this Article."). Subsections (c)(2) and (c)(3) direct how such a pre-effective-date financing statement may be amended: by filing in the proper section 9.501 office, an initial statement followed by an amendment, an initial statement concurrently with an amendment, or an initial statement that provides the amended information. *See* TEX. BUS. & COM. CODE ANN. § 9.707(c)(2)-(3) (Vernon Supp. 2002).

Subsection (d) of section 9.707 is an exception to the general rule in subsection (c) regarding amendments to a pre-effective-date financing statement not filed in the section 9.501 office. Subsection (d) provides that a financing statement to terminate a pre-effective-date financing statement filed in an office other than the one prescribed by section 9.501 is required to be filed in the same office in which the pre-effective-date financing statement is filed unless an initial financing statement relating to the pre-effective-date statement has been filed in the section 9.501 office. *See id.*; *see generally* Tex. Att'y Gen. Op. No. JC-0486 (2002).

In sum, section 9.501 requires that a financing statement to perfect a security interest in consumer goods be filed in the office of the Secretary of State. A pre-effective-date financing statement filed in the office of the county clerk to perfect a security interest in consumer goods is not filed in the proper section 9.501 office. A financing statement to continue the effectiveness of or to amend such a pre-effective-date financing statement is required to be filed in the office of the Secretary of State. A financing statement to terminate such a pre-effective-date statement is required to be filed in the office of the county clerk unless an initial financing statement relating to the pre-effective-date statement has been filed in the office of the Secretary of State.

## S U M M A R Y

Under chapter 9 of the Business and Commerce Code, TEX. BUS. & COM. CODE ANN. §§ 9.101-.709 (Vernon Supp. 2002) (the "Act"), a county clerk must accept financing statement filings to perfect security interests in "as-extracted collateral or timber to be cut" or fixture filings if the financing statements are communicated by authorized methods or media, provide legible information about the parties and the collateral, and are accompanied by sufficient filing fees. Under the Act, financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements must be filed in the "real property records," and they are not required to be signed. Finally, under the Act, financing statements to continue the effectiveness of or amend pre-effective-date financing statements filed in the office of the county clerk to perfect security interests in consumer goods must be filed in the office of the Secretary of State. However, financing statements to terminate such pre-effective-date financing statements must be filed in the office of the county clerk unless initial financing statements relating to the pre-effective-date statements have been filed in the office of the Secretary of State.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee